# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTRONE L. CROCKETT, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-cv-526 JEM |
| | ) | |
| SUPERINTENDENT, | ) | |
|     Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Antrone L. Crockett, a pro se prisoner, on August 12, 2016. Crockett challenges the prison disciplinary hearing (ISO 16-05-23) where a disciplinary hearing officer (DHO) found him guilty of engaging in unauthorized financial transactions in violation of Indiana Department of Correction (IDOC) policy B-220. Def. Resp. at 1 [DE 15-11]. As a result, he was sanctioned with the loss of 30 days earned credit time. *Id.*

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

Much of Crockett's petition is premised on the argument that IDOC failed to follow its internal policies in imposing his discipline. *Id.* However, the IDOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"). Nevertheless, the court will analyze Crockett's claims to determine whether he has identified any violations of his federal rights. *See id.* at 67-68 ("In conducting habeas review, a federal court is limited to deciding whether

a conviction violated the Constitution, laws, or treaties of the United States").

Crockett claims that he was denied a fair and impartial hearing officer. [DE 1] at 5. According to Crockett, he worked as a subordinate of the DHO in his role as a lay advocate. *Id.* Crockett claims that in light of their existing work relationship, the DHO should have appointed someone else to hear his disciplinary case. *Id.* It is true that prisoners are entitled to an impartial decision-maker. *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). However, in the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie*, 342 F.3d at 666. Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate or presided over a prior disciplinary case. *Id.* Here, Crockett merely argues that he had a preexisting relationship with the DHO. This is not sufficient to establish bias. *See id.*

Crockett also claims that there was insufficient evidence to support the guilty finding. The imposition of prison discipline will be upheld so long as there is some evidence to support the finding. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard,

> requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

An inmate violates IDOC B-220 by "[e]ngaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The DHO had sufficient evidence to find Crockett guilty. The Conduct Report states:

> On 05/14/16 at approximately 8:15 PM I, Officer Crawford, started to shake down Offender Crockett's DOC #946070 ISO West 2 Row 8 bed 7 bunk area. I, Officer Crawford, discovered a white envelope containing Paypal and credit card numbers, stuck to the top, of the inside, of the first blue cabinet. Offender Crockett, was using this cabinet to hold magazines, paperwork, jumpsuits, towels and books.

Petition at 8 [DE 1]. The DHO reviewed staff reports, Crockett's statement, witness statements, photographs of the evidence discovered in the locker, Crockett's phone list, Crockett's account balance history, and video camera evidence. The DHO also compared Crockett's phone list and account balance, against the confiscated documents. Resp. Br. Ex. 11 at 1 [DE 15-11]. The DHO noted that the documents were found in Crockett's bed area, and no other offender was assigned to that living space. *Id.* Based this evidence, the DHO's finding was not unreasonable or arbitrary.

Crockett argues that he requested that the DHO conduct an analysis of the information in his personal accounts compared against the names and transactions listed on the accounts

3

confiscated from the locker. However, the record shows that the DHO did review and compare those documents. Resp. Br. Ex. 11 at 2 [DE 15-11]. To the extent that Crocket is arguing that the DHO should have come to a different decision, it is not for this court to reweigh the evidence. *McPherson v. McBride*, 188 F.3d at 786.

Crockett also argues that the DHO improperly failed to conduct the handwriting analysis he requested. While prisoners have the right to request evidence, this right is limited to evidence that already exists. Prisoners are not entitled to demand the creation of new evidence. *See Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("Freitas was not entitled to a polygraph examination . . ."); *Rhatigan v. Ward*, 187 Fed. Appx. 889, 890-891 (10th Cir. 2006); *Arthur v. Ayers*, 43 Fed. Appx. 56, 57 (9th Cir. 2002) (inmates not entitled to laboratory testing of substances). Therefore this is not a basis for habeas corpus relief.

Finally, Crockett argues that his due process rights were violated when he was held in pre-hearing segregation for 13 days. He claims that his pre-hearing confinement was unwarranted and punitive. Crockett appears to be under the mistaken belief that prison officials may only place him in segregation for disciplinary purposes. However, prisons are granted wide latitude in imposing both disciplinary and discretionary segregation. Prisoners generally have no due process rights attached to their placement in discretionary segregation. *See e.g., Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008) ("inmates have no liberty interest in avoiding transfer to discretionary segregation-that is, segregation imposed for administrative, protective, or investigative purposes"). Crockett's short-term, pre-hearing confinement in segregation amounted to discretionary segregation and did not violate any of his due process rights.

If Crockett wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666

4

(7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For the reasons set forth above, the Court hereby **DENIES** the Petition for Writ of Habeas Corpus [DE 1] and **DIRECTS** the Clerk of Court to close this case. The Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED this 5th day of July, 2017.

<u>s/ John E. Martin</u>
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
Petitioner, *pro se*